J-S52014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD MOORE | : | |
| | : | |
| Appellant | : | No. 1754 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 7, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007442-2018

BEFORE:   PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED JANUARY 06, 2021**

Donald Moore appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas on June 7, 2019. On appeal, Moore argues the trial court erred in convicting him of endangering the welfare of a child based on his daughter being the victim since the criminal information incorrectly listed the child's mother as the victim. He therefore contends he was convicted of a crime for which he had not been charged. We affirm.

Testimony at trial revealed that on May 5, 2018, Moore returned his two-year old daughter to her mother's house. His daughter's mother, Sheena Turner, testified that Moore was no longer welcome in her home at that time.

_____

[*] Former Justice specially assigned to the Superior Court.

*See* N.T, 1/9/2019, at 23. Moore entered the home, without permission, and then went on a rampage with a metal baseball bat, swinging at and breaking a TV, windows, the wall and a door. *See id.* at 12.

Turner was not home at the time, but her niece, Sabrya Brown, who also lived in the home, was there. Brown testified that while Moore was swinging the bat at the items, his two-year old daughter was trying to follow him around and was within a foot of him while he was swinging. She testified that glass ended up in his daughter's hair as a result. *See id.* at 14. Turner testified that their daughter was scared when she arrived at the house and that she saw the glass in her daughter's hair. *See id.* at 27.

On September 19, 2018, Moore was arrested and charged by information with criminal trespass, contempt, possession of an instrument of crime ("PIC"), criminal mischief, terroristic threats, and endangering the welfare of a child ("EWOC"). All of the counts listed "Sheena Turner. Age: 22" as the victim, including the charge for EWOC.

On January 9, 2019, after a bench trial, Moore was convicted of EWOC, PIC, and criminal mischief. After his motion for extraordinary relief was denied, Moore was sentenced to an aggregate term of three years' probation. This timely appeal followed.

We begin by noting that minor mistakes and errors do not automatically invalidate a criminal information:

> Indictments must be read in a common sense manner and are not
> to be construed in an overly technical sense. The purpose of the

indictment is to provide the accused with sufficient notice to prepare a defense, and to insure that he will not be tried twice for the same act. Furthermore, a variance is not fatal unless it could mislead the defendant at trial, involves an element of surprise prejudicial to the defendant's efforts to prepare his defense, precludes the defendant from anticipating the prosecution's proof or impairs a substantial right.

***Commonwealth v. Ohle***, 470 A.2d 61, 73 (Pa. 1983) (citations and internal quotation marks omitted).

We conclude Moore's challenge to the adequacy of the criminal information fails. In the criminal information, the Commonwealth set forth multiple charges, including the EWOC charge. However, the EWOC charge named Sheena Turner as the victim of the crime, instead of her young daughter who had glass in her hair as a result of the above incident.

Moore now claims that this variance between the verdict and the criminal information warrants reversal. The entirety of his argument is that since he was not charged with a crime against his daughter in the criminal information, he cannot be convicted of a crime against her. He therefore concludes his conviction should be reversed.

Moore's cursory, and legally unsupported, argument is insufficient to convince us that his conviction must be reversed. Notably, Moore does not explain how the Commonwealth's mistake of naming Turner as the victim of the EWOC count in the criminal information misled or surprised him at trial, or how his defense was hindered by that error. ***See id***.

Moreover, it is apparent that Moore was put on notice that the EWOC charge referred to his young daughter through the discovery process, discussions between counsel, plea negotiations, as well as at the preliminary hearing. Specifically, at the preliminary hearing in October 2018, Turner testified that due to Moore's rampage through her house, there was glass everywhere, including in their two-year-old daughter's hair. **See** N.T., Preliminary Hearing, 10/16/2018, at 12. Additionally, at the end of the hearing the Commonwealth formally moved to amend the information to include the charge of EWOC, explicitly basing the charge on "[g]lass in the hair of the child." **Id.** at 20.

Of note, the plain language of the charge itself - endangering the welfare of **children** - gave notice to Moore that the subject at issue was clearly a child and not the victim's mother.

As such, Moore was aware of the Commonwealth's theory of the case well before trial, even if the wrong victim was named in the criminal information. Based on these circumstances, we conclude that Moore's complaint about the variance between the criminal information and the verdict - which is unaccompanied by any explanation of how his defense at trial was hampered - does not warrant reversal of his EWOC conviction. **See Commonwealth v. Einhorn**, 911 A.2d 960, 978 (Pa. Super. 2006) (holding that variance between information and evidence at trial about the timing of a

homicide did not entitle defendant to relief as he was not surprised or misled about the Commonwealth's theory of the case).

Judgment of sentence affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 1/6/2021*